UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN JAMES ALLEN WOODALL,<br><br>    Petitioner,<br><br>v.<br><br>GEORGE A. NEOTTI, Warden,<br><br>    Respondent. | Civil No. 10-1127-BEN(WVG)<br><br>ORDER DENYING RENEWED MOTION FOR APPOINTMENT OF COUNSEL (DOC. # 41) |

On May 24, 2010, Petitioner Shawn James Allen Woodall ("Petitioner") filed a Petition for Writ of Habeas Corpus and Motion for Appointment of Counsel. On July 27, 2010, the Court denied Petitioner's Motion for Appointment of Counsel. On December 7, 2010, Petitioner filed a Renewed Motion for Appointment of Counsel.

Petitioner's first Motion for Appointment of Counsel requested that Attorney Kurt David Hermansen be appointed to represent him in this proceeding because Mr. Hermansen was appointed to represent him in an appeal from an order denying a separate Petition for Writ of Habeas Corpus. Further, Petitioner alleged that he required counsel to be appointed for him because the case was

complex, and an appointed attorney could more effectively obtain and use discovery in this proceeding than he could.

In Petitioner's Renewed Motion for Appointment of Counsel, Petitioner cites the same reasons for his request. Further, he adds that he can not afford an attorney to represent him in this proceeding and that he has limited law library access at the prison where he is incarcerated.

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 1995); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984); Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994).

The interests of justice require appointment of counsel when the court conducts an evidentiary hearing on the petition. Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994); Rule 8(c), 28 U.S.C. foll. § 2254. The appointment of counsel is discretionary when no evidentiary hearing is necessary. Terrovona, 912 F.2d at 1177; Knaubert, 791 F.2d at 728; Abdullah, 18 F.3d at 573.

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel

is necessary to prevent due process violations." <u>Chaney</u>, 801 F.2d at 1196; <u>Knaubert</u>, 791 F.2d at 728-29.  A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner.  In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims.  <u>Hawkins v. Bennett</u>, 423 F.2d 948, 950 (8th Cir. 1970).

In the Eighth Circuit, "[t]o determine whether appointment of counsel is required for habeas petitioners with non-frivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors."  <u>Abdullah v. Norris</u>, 18 F.3d at 573 (citing <u>Battle v. Armontrout</u>, 902 F.2d 701, 702 (8th Cir. 1990)); <u>Hoggard</u>, 29 F.3d at 471; <u>Boyd v. Groose</u>, 4 F.3d 669, 671 (8th Cir. 1993); <u>Smith v. Groose</u>, 998 F.2d 1439, 1442 (8th Cir. 1993); <u>Johnson v. Williams</u>, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

Since these factors are useful in determining whether due process requires the appointment of counsel, they are considered to the extent possible based on the record before the Court. Here, Petitioner has sufficiently represented himself to date. From the face of the Petition filed *pro se*, and from other documents that Petitioner has filed *pro se*, it appears that Petitioner has a good grasp of this case and the legal issues involved. Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel as it is simply not warranted by the interests of justice. <u>See</u> <u>LaMere v. Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987). At this stage of the

proceedings, the Court finds that the interests of justice do not require the appointment of counsel.

The Court also notes that "[w]here the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel." Hoggard, 29 F.3d at 471; McCann v. Armontrout, 973 F.2d 655, 661 (8th Cir. 1992); Travis v. Lockhart, 787 F.2d 409, 411 (8th Cir. 1986) (per curiam) (holding that district court did not abuse its discretion in denying § 2254 habeas petitioner's motion for appointment of counsel where allegations were properly resolved on basis of state court record). At this stage of the proceedings, it appears the Court will be able to properly resolve the issues involved on the basis of the state court record.

"The procedures employed by the federal courts are highly protective of a pro se petitioner's rights. The district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel." Knaubert, 791 F.2d at 729 (citing Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam)); Bashor, 730 F.2d at 1234. The Petition in this case was pleaded sufficiently to warrant this Court's order directing Respondent to file an answer or other responsive pleading to the Petition.

"The district court must scrutinize the state court record independently to determine whether the state court procedures and findings were sufficient." Knaubert, 791 F.2d at 729; Richmond v. Ricketts, 774 F.2d 957, 961 (9th Cir.1985); Rhinehart v. Gunn, 598 F.2d 557, 558 (9th Cir.1979) (per curiam); Turner v. Chavez, 586 F.2d 111, 112 (9th Cir.1978) (per curiam). Even when the district

1  court accepts a state court's factual findings, it must render an
2  independent legal conclusion regarding the legality of a peti-
3  tioner's incarceration. <u>Miller v. Fenton</u>, 474 U.S. 104, 112
4  (1985). The district court's legal conclusion, moreover, will
5  receive de novo appellate review. <u>Hayes v. Kincheloe</u>, 784 F.2d
6  1434, 1436 (9th Cir. 1986).

7  The assistance counsel provides is valuable. "An attorney
8  may narrow the issues and elicit relevant information from his or
9  her client. An attorney may highlight the record and present to the
10 court a reasoned analysis of the controlling law." <u>Knaubert</u>, 791
11 F.2d at 729. However, as the court in <u>Knaubert</u> noted: "unless an
12 evidentiary hearing is held, an attorney's skill in developing and
13 presenting new evidence is largely superfluous; the district court
14 is entitled to rely on the state court record alone." <u>Id.</u> (citing
15 <u>Sumner v. Mata</u>, 449 U.S. 539, 545-57 (1981), and 28 U.S.C.
16 § 2254(d)). Because this Court denies Petitioner's motion for
17 appointment of counsel, it must "review the record and render an
18 independent legal conclusion." <u>Id.</u> Moreover, because the Court
19 does not appoint counsel, it must "inform itself of the relevant
20 law. Therefore, the additional assistance provided by attorneys,
21 while significant, is not compelling." <u>Id.</u>

22 If an evidentiary hearing is required, Rule 8(c) of the Rules
23 Governing Section 2254 Cases requires that counsel be appointed to
24 a petitioner who qualifies under 18 U.S.C. § 3006A(a)(2)(B). Rule
25 8(c), 28 U.S.C. foll. § 2254; <u>see</u> <u>Wood v. Wainwright</u>, 597 F.2d 1054
26 (5th Cir. 1979). In addition, the Court may appoint counsel for the
27 effective utilization of any discovery process. Rule 6(a), 28
28 U.S.C. foll. § 2254. For the above-stated reasons, the "interests

1  of justice" in this matter do not compel the appointment of counsel.
2  Accordingly, Petitioner's Motion for Appointment of Counsel is
3  **DENIED** without prejudice.
4  IT IS SO ORDERED.

6  DATED: December 9, 2010

                                    _____
                                    Hon. William V. Gallo
                                    U.S. Magistrate Judge